FILED
U.S. DISTRICT COURT

2000 MAY 30  A 8:36

LORETTA G. WHYTE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FRIEDE & GOLDMAN, LTD. | * | CIVIL ACTION |
| VERSUS | * | NO. 99-1970 c/w 00-0209 |
| GOTAVERKEN ARENDAL CONSULTANTS, AB, ET AL. | * | SECTION "N" |

### ORDER AND REASONS

Before the Court are three motions: (1) Defendant GVA Consultants AB's ("GVA-C") Motion to Dismiss Plaintiff's Second Amended Complaint, pertaining solely to Civil Action No. 99-1970; (2) GVA-C's Motion to Align Parties, pertaining to Civil Action No. 99-1970 and consolidated case No. 00-0209; and (3) Plaintiff/defendant-in-counterclaim Friede & Goldman, Ltd.'s ("FGL") and defendant Friede, Goldman, Halter, Inc.'s ("FGH") Motion for Summary Judgment of Noninfringement, pertaining to both consolidated cases. For the following reasons, defendant's Motion to Dismiss Plaintiff's Second Amended Complaint is DENIED, defendant's Motion to Align Parties is DENIED; and Plaintiff's Motion for Summary Judgment is DENIED as premature with the qualification that either party may re-urge a Motion for Summary Judgment at a later date following discovery.

DATE OF ENTRY
MAY 3 0 2000

## BACKGROUND[1]

This suit arises out of a dispute over a patent for a semi-submersible vessel. Defendant GVA-C, a Swedish corporation, is the owner by assignment[2] of United States Patent No. 4,436,050 (the "'050 patent"), issued on March 13, 1984. Plaintiff FGL is the designer of the Millennium, described by plaintiff as "a semi-submersible drilling unit that floats on two hulls and is stabilized by four columns."[3] In June, 1998, GVA-C sent a letter to plaintiff initiating discussions on the implications of its patent on plaintiff's Millennium design. Following several letters and meetings in which the parties discussed their respective positions on the '050 patent, on June 25, 1999, plaintiff filed suit against defendant Gotaverken Arendal Consultants, AB, seeking a declaratory judgment that the '050 patent is invalid, unenforceable, and not infringed. Several months later, plaintiff sent a copy of the complaint via mail to defendant in Sweden in an effort to serve the summons and complaint under Article 10(a) of the Hague Convention. On October 28, 1999, plaintiff filed an amended complaint, adding Gotaverken Arendal, AB as a defendant. Plaintiff filed a second amended complaint on February 15, 2000, adding GVA-C as a defendant.

---

[1] The factual background summary is taken from the Court's previous Order and Reasons entered March 16, 2000.

[2] Throughout its briefs, plaintiff contests that GVA-C is the owner by assignment of the patent in question. In support of its argument, plaintiff offered a copy of an assignment dated September 22, 1981, in which the inventor of the semi-submersible vessel, Hadar Liden, assigned his entire right, title and interest in the invention to Gotaverken Arendal AB. After reviewing the copy of an Asset Sale Agreement dated March 6, 1990, submitted by GVA-C, the Court is convinced, however, that defendant GVA-C is the owner by assignment of the '050 assignment. The Asset Sale Agreement establishes that effective January 1, 1990, Gotaverken Arendal AB sold all patents and patent applications to GVA-C.

[3] Plaintiff states that it began design of the Millennium on or about February, 1997.

On October 29, 1999, GVA-C filed a suit for patent infringement against plaintiff in the United States District Court for the Southern District of Texas. The presiding judge transferred GVA-C's case to this district on January 21, 2000. On February 1, 2000, GVA-C's suit--Civil Action No. 00-0209--was consolidated with Civil Action No. 99-1970. Defendants now seek dismissal of plaintiff's second amended complaint and alignment of the parties, while plaintiff FGL and defendant FGH seek summary judgment on the issue of noninfringement.

## LAW AND ANALYSIS

I.   Defendant GVA-C's Motion to Dismiss Plaintiff's Second Amended Complaint

In determining whether the Court should grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc., 10 F.3d 627, 629 (5th Cir. 1994). Such dismissal is justified "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id. (citation omitted).

Defendant moves this Court to dismiss plaintiff's second amended complaint on three grounds: (1) plaintiff FGL failed to serve named defendants in the manner required by the Hague Convention; (2) plaintiff FGL filed the complaint for declaratory relief at a time when there was no actual case or controversy; and (3) the proper parties are before this Court in the consolidated action and thus the second amended complaint is duplicative. The Court declines to revisit the first two grounds advanced by defendant, as its Order and Reasons entered March 16, 2000 addressed and resolved both grounds with respect to plaintiff's original complaint. For the reasons explained therein, the Court also denies dismissal of plaintiff's second amended complaint, finding

first that service was properly effected on the named defendants under Article 10(a) of the Hague Convention, and second that there existed an actual controversy at the time plaintiff filed suit, and thus also at the time the second amended complaint was filed.

As to the third ground for dismissal, defendant assets that the claims of the amended complaint are already present before the Court in the consolidated action, which involves the "proper" parties in their "proper" positions. Thus, defendant argues that the second amended complaint is duplicative and "injects unnecessary confusion" into the issues to be resolved by this Court. In response, FGL submits that defendant's argument provides no legal basis for dismissal of its claims. The Court agrees that the fact that GVA-C elected to file a separate cause of action in another federal district court, instead of filing counterclaims in the case at hand, does not constitute a justifiable basis for dismissal of plaintiff's second amended complaint. The separate cause of action has already been consolidated with plaintiff's suit. Because the parties have been on notice of the consolidation since February, 2000, the parties' efforts during discovery and pre-trial preparation should not be duplicative in nature, nor unnecessarily confused by the presence of defendant's consolidated claims. Thus, the Court concludes that defendant's third ground does not warrant dismissal of plaintiff's second amended complaint.

II.     GVA-C's Motion to Align Parties

Defendant moves this Court to align the parties and require only one live set of pleadings for both consolidated cases. In support of this request, defendant argues that there is no benefit to allowing two sets of live pleadings to proceed to resolution because the central issue in both cases is a claim of patent infringement. Defendant also argues that because it bears the burden of proof on the issue of infringement, it should be designated plaintiff. Finally, defendant argues that

4

all future pleadings should bear both civil action numbers and apply to both consolidated cases.

In opposition, plaintiff states simply that defendant's request is not supported by existing law. The Court agrees, and declines to re-align the parties at this time. Nor will the Court designate one set of pleadings as live. So long as the burden of proof rests on plaintiff with respect to some claims, and defendants with respect to others, the parties shall remain in their respective positions taken upon the filing of their complaints. The Court finds defendant's request to be anything but routine, and fails to see the reasoning in support of defendant's request. Defendant filed a separate action on its own accord, rather than filing counterclaims to plaintiff's claims, and the Court finds no reason to relieve defendant of the situation created by its very own actions.

Finally, the Court notes that the Consolidation Order dated February 1, 2000, governs the captioning of all pleadings filed. The Order states: "all pleadings hereafter filed in this consolidated proceeding shall bear the caption of the lead consolidated case together with the docket number of all cases within the consolidation to which the document applies." Therefore, the Court need not revisit the issue of how pleadings are to be captioned. It is sufficient to note that all pleadings pertaining to either case or both of the consolidated cases shall bear the civil action number of the lead case, 99-1970, and shall contain a designation of the cases to which the pleading applies.

III.  Plaintiff/defendant-in-counterclaim FGL's and FGH's Motion for Summary Judgment of Noninfringement

Summary Judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of fact exists where the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The party seeking summary judgment bears the burden of demonstrating an absence of evidence to support the non-movant's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the opposing party bears the burden of proof at trial, the moving party need not submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. See Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991). To oppose a motion for Summary judgment, the non-movant must set forth specific facts to establish a genuine issue of material fact, and cannot merely rest on allegations and denials. See Celotex, 477 U.S. at 324, 106 S. Ct. at 2552. Factual controversies are to be resolved in favor of the non-moving party. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

Plaintiff/defendant-in-counterclaim FGL and defendant FGH move this Court to enter summary judgment on the issue of noninfringement. The movants assert that there is no genuine issue of material fact as to whether they made, used, offered to sell, or sold an infringing apparatus. In response, GVA-C argues that there exist genuine issues of material fact as to whether FGL and FGH sold an infringing product or in the alternative, offered for sale an infringing product, and thus summary judgment must be denied.

The Court agrees. The Court recently learned that the parties to these consolidated actions requested over a year-long period to prepare for trial, asserting the complex nature of their claims and the need for additional time to conduct extensive discovery. In light of this request, and

review and consideration of the memorandum in support of plaintiff's motion for summary judgment and defendant's memorandum in opposition, the Court finds that the Motion for Summary Judgment was filed prematurely. The memoranda and evidence offered in support reveal genuine issues of material fact with respect to whether FGL offered for sale an infringing product or sold an infringing product, and thus summary judgment on the issue of infringement cannot be considered properly at this time. Plaintiff FGL and defendant FGH's Motion for Summary Judgment is therefore denied as premature. FGL and FGH may, however, re-urge their Motion for Summary Judgment after discovery relative to the issues addressed therein has taken place, and any other party shall be given the same opportunity at a later date, so long as any such motion is filed in accordance with the Court's scheduling order.

Accordingly,

IT IS ORDERED that defendant's Motion to Dismiss plaintiff's Second Amended Complaint is hereby DENIED.

IT IS FURTHER ORDERED that defendant's Motion to Align Parties is hereby DENIED.

IT IS FURTHER ORDERED that plaintiff's Motion for Summary Judgment is DENIED as premature

New Orleans, Louisiana, this 26 day of May, 2000.

EDITH BROWN CLEMENT
UNITED STATES DISTRICT JUDGE